FILED
2012 Apr-30  PM 02:05
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRIAN GAUTHIER,                    )
                                   )
            Plaintiff              )
                                   )
      vs.                          )        Case No.  2:12-cv-01701-HGD
                                   )
NATIONWIDE INSURANCE               )
COMPANY, et al.,                   )
                                   )
            Defendants             )

## REPORT AND RECOMMENDATION

Plaintiff, Brian Gauthier, has filed a *pro se* complaint against defendants Nationwide Insurance Company, Allstate Insurance Company and Randy Jones.  He avers that he had a homeowners policy with Nationwide Insurance, which he obtained through its agent, Randy Jones, insuring his residence at 110 Saxwood Drive in Wellington, Alabama.[1]  The residence was destroyed by fire in August 2009.  Plaintiff alleges he has made a claim under the policy, but defendants Nationwide Insurance

---

[1] Plaintiff also alleges he had a homeowners policy with Allstate Insurance Company. However, in his allegations, he avers only that Nationwide and Jones have failed to respond to his claim for policy proceeds.

and Jones have failed or refused to respond to him.  He asserts a cause of action for breach of contract.

As grounds for this court's jurisdiction, plaintiff invokes 28 U.S.C. § 1332.  He also has filed a motion to proceed *in forma pauperis*.  Plaintiff states that he is a resident of the State of Alabama and that defendants Nationwide Insurance, Allstate Insurance and Randy Jones are located in Gadsden, Alabama.

Title 28 U.S.C. § 1332(a)(1) provides that district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."  A review of the complaint allegations reveals no subject matter jurisdiction. This action is brought by plaintiff, a citizen of the State of Alabama, and names as a defendant Randy Jones, also a citizen of the State of Alabama.  Therefore, diversity jurisdiction does not exist under 28 U.S.C. § 1332.

Therefore, the magistrate judge RECOMMENDS that plaintiff's request to proceed without prepayment of fees be DENIED.  The magistrate judge further RECOMMENDS that plaintiff's claims be DISMISSED WITHOUT PREJUDICE. *See* 28 U.S.C. § 1915(e); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[Lower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there

has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.") (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999)).

## NOTICE OF RIGHT TO OBJECT

The parties are DIRECTED to file any objections to this Report and Recommendation within a period of fourteen (14) days from the date of entry. Any objections filed must specifically identify the findings in the magistrate judge's recommendation objected to. Frivolous, conclusive, or general objections will not be considered by the district court.

Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 30th day of April, 2012.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE